LYONS v LYONS (AFTER REMAND)

Docket No. 67889. Submitted March 8, 1983, at Lansing.—Decided
    August 17, 1983.
        Defendant, Marcia A. Lyons, appealed from a judgment of divorce
            entered in the Branch Circuit Court in which the trial court,
            Thomas C. Megargle, J., granted custody of her three minor
            children to the plaintiff father, Charles C. Lyons, Jr. The Court
            of Appeals found that the trial court erred in failing to recog-
            nize the existence of an established custodial environment. The
            Court of Appeals vacated the lower court's judgment, remanded
            for reconsideration as to whether there was clear and convinc-
            ing evidence that a change of custody was in the children's best
            interest and ordered reconsideration of defendant's motion for
            attorney fees. The Court of Appeals retained jurisdiction. 125
            Mich App 626 (1983). The trial court then conducted an eviden-
            tiary hearing and determined that the evidence was clear and
            convincing that it would be in the best interests of the children
            to award custody of them to plaintiff father. The trial court
            also granted defendant $600 in attorney fees. Following such
            rehearing, *held:*
                The trial court, on remand, applied the proper evidentiary
            standard, correctly found clear and convincing evidence that a
            change in custody would be in the best interests of the children
            and awarded defendant a proper amount of attorney fees.
                Affirmed.

DIVORCE — CHILD CUSTODY — APPEAL.
        The Court of Appeals will affirm a trial court's determination to
            order a change of custody in a child custody dispute where the
            trial court applied the proper evidentiary standard and cor-
            rectly found clear and convincing evidence that a change in
            custody would be in the best interests of the child.

*Kelly & Stevens* (by *Ralph P. Stevens),* for plain-
tiff.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 820.

*Cherry & Cherry* (by *Michael H. Cherry),* for defendant.

AFTER REMAND

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

M. J. KELLY, P.J. Defendant mother appealed as of right from the trial court's grant of custody of the parties' three minor chidlren to plaintiff father. We found that the trial court erred in failing to recognize the existence of an established custodial environment. See *Lyons v Lyons,* 125 Mich App 626; 336 NW2d 844 (1983). We therefore vacated the lower court's judgment and remanded the cause for reconsideration as to whether there was clear and convincing evidence that a change of custody was in the children's best interest. In addition, we ordered reconsideration of defendant's motion for attorney fees. We retained jurisdiction.

Upon receipt of our order, the trial court promptly conducted an evidentiary hearing and determined that the evidence was clear and convincing that it would be in the best interests of the children to award custody of them to plaintiff father. In addition, the trial court granted defendant $600 in attorney fees. Following such rehearing, the cause is before us for final determination.

We have reviewed the trial court's opinion and the lower court record. On remand, the trial court applied the proper evidentiary standard, correctly found clear and convincing evidence that a change in custody would be in the best interests of the children and awarded defendant a proper amount of attorney fees.

Affirmed.

* Circuit judge, sitting on the Court of Appeals by assignment.